```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (STATE BAR #50246)
220 Sansome Street, Suite 600
San Francisco, CA 94104
Telephone:   (415) 392-5431
Facsimile:   (415) 392-1978
```

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES PENSION FUND; JIM BENO, TRUSTEE,**<br><br>　　　　　**Plaintiffs,**<br><br>　　　vs.<br><br>**SSA TERMINALS, INC., a corporation also known as SSA MARINE and as STEVEDORING SERVICES OF AMERICA,**<br><br>　　　　　**Defendant.** | NO. C 07 3479 CW<br><br>COMPLAINT |

　　　　Plaintiffs complain of defendant and for a cause of action allege that:

　　　　1.　Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating provisions of ERISA and the provisions of the National Labor Relations Act of

COMPLAINT
1

1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs, BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES PENSION FUND (hereinafter "TRUST FUND"), named in the caption, are trustees of an employee benefit plan within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multi employer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff JIM BENO is a Trustee. Said TRUST FUND is authorized to maintain suit as an independent legal entity under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believes and thereupon alleges that defendant, SSA TERMINALS, INC., a corporation also known as SSA MARINE and as STEVEDORING SERVICES OF AMERICA, is found and is doing business in this State. The obligations set forth below are all to be performed in this judicial district.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendant and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto defendant entered into a written collective bargaining agreement with International Association of Machinists, District Lodge 190, a labor organization in an industry affecting commerce. The aforesaid agreement provides that defendant shall make contributions to the TRUST FUND on behalf of defendant's employees on a regular basis on all hours worked, and

that defendant shall be bound to and abide by all the provisions of the Trust Agreement.

6. The Trust Fund relies upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the Trust Fund.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to complete and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Pursuant to the terms of the collective bargaining agreement there is now due, owing and unpaid from defendant to the TRUST FUND missed contributions for hours worked by covered employees from August 2004 through February 2006 for various months (more commonly known as the Add/Deduct Balance) and liquidated damages which are specifically provided for by said agreements. The total amount due is $35,934.10; additional amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued.

9. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 8 above.

10. An actual controversy exists between plaintiffs and

defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreement, and defendant refuses to make such payments in a timely manner.

11. The Trust Fund does not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Fund seeks to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

12. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and a reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiff prays:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the terms of the collective bargaining agreement and the Trust Agreements for the full period for which defendant is contractually bound to file

reports and pay contributions to the TRUST FUND.

    3.  That the Court reserve plaintiffs' contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

    4.  That the Court retain jurisdiction of this cause pending compliance with its orders.

    5.  For such other and further relief as the Court deems just and proper.

DATED: July 2, 2007                ERSKINE & TULLEY
                                    A PROFESSIONAL CORPORATION

                                By:<u>/s/Michael J. Carroll</u>
                                    Michael J. Carroll
                                    Attorneys for Plaintiffs