John D. McLachlan (State Bar No. 102436)
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2340
San Francisco, CA 94111-3712
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendant
SSA Terminals, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES PENSION FUND; JIM BENO, TRUSTEE,<br><br>Plaintiffs,<br><br>vs.<br><br>SSA TERMINALS, INC., a corporation also known as SSA MARINE and as STEVEDORING SERVICES OF AMERICA,<br><br>Defendants. | Civil Action No. C07-3479 CW<br><br>**ANSWER TO COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant SSA Terminals, Inc. hereby Answers Plaintiffs' Complaint as follows:

1.  Answering Paragraph 1 of the Complaint, Defendant admits that jurisdiction for the claims in this lawsuit is conferred upon this Court pursuant to the statutes identified therein. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 1 of the Complaint.

2.  Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiffs, Board of Trustees of the Automotive Industries Pension Fund ("Trust Fund"), are trustees of an

employee benefit plan and that the plan is a multi-employer plan within the statutes identified in the Complaint. Defendant admits that Plaintiff Jim Beno is a trustee and that the Plaintiff Trust Fund is authorized to maintain suit as an independent legal entity under the statute named in the Complaint. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Defendant SSA Terminals, Inc. is doing business in the state of California. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, Defendant admits that the Defendant is engaged in commerce or in an industry affecting commerce. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, Defendant admits that Defendant entered into a written collective bargaining agreement with the International Association of Machinists, District Lodge 190, a labor organization in an industry affecting commerce. Defendant admits that the agreement provides that Defendant shall make contributions to the Trust Fund named on behalf of Defendant's employees on a regular basis and that Defendant shall be bound to and abide by all the provisions of the trust agreement. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Trust Fund relies upon a self reporting system or whether the Defendant has unique knowledge of the amount of contributions that it is liable to pay each month and has a fiduciary obligation to accurately report the amount to the Trust Fund. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Complaint, Defendant denies all factual allegations, opinions and legal conclusions contained in Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Defendant denies all factual allegations, opinions and legal conclusions contained in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, Defendant admits that a demand has been made upon the Defendant. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Defendant admits that an actual controversy exists between Plaintiffs and the Defendant as to whether Plaintiffs are entitled to certain contributions pursuant to the collective bargaining agreement and a Trust Agreement. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Defendant admits that at this time, the Trust Fund has not made a demand to audit the books and records of the Defendant. Defendant admits that the only issue in the Complaint is whether the Defendant has failed to complete and file reports or whether certain contributions are due. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, Defendant denies that the Plaintiffs are entitled to court costs and reasonable attorneys fees. Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 12 of the Complaint.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

13. Answering Paragraph 1 of Plaintiffs' Prayer, Defendant denies that Plaintiffs are entitled to a judgment for any contributions claimed, liquidated damages, interest, attorneys' fees or any other form of legal or equitable relief, requested or otherwise, by virtue of any statement, allegation of fact, opinion, or legal conclusion set forth in the Complaint.

14. Answering Paragraph 2 of Plaintiffs' Prayer, Defendant denies that the Defendant has violated the terms of the collective bargaining agreement or the trust agreements and denies that the Defendant has not filed the reports or paid the contributions required to the Trust Fund and so the Plaintiffs are not entitled to any legal or equitable relief, requested or otherwise, by virtue of any statement, allegation of fact, opinion, or legal conclusion set forth in

the Complaint. Further, Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 2 of Plaintiffs' Prayer.

15. Answering Paragraph 3 of Plaintiffs' Prayer, Defendant denies that the Plaintiffs are permitted to reserve a contractual right to audit the Defendant for months prior to judgment or collect any additional sums. Plaintiffs are not entitled to any legal or equitable relief, requested or otherwise, by virtue of any statement, allegation of fact, opinion, or legal conclusion set forth in the Complaint. Further, Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 3 of Plaintiffs' Prayer.

16. Answering Paragraph 4 of Plaintiffs' Prayer, Plaintiffs are not entitled to any legal or equitable relief, requested or otherwise, by virtue of any statement, allegation of fact, opinion, or legal conclusion set forth in the Complaint. Further, Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 4 of Plaintiffs' Prayer.

17. Answering Paragraph 5 of Plaintiffs' Prayer, Plaintiffs are not entitled to any legal or equitable relief, requested or otherwise, by virtue of any statement, allegation of fact, opinion, or legal conclusion set forth in the Complaint. Further, Defendant denies all other factual allegations, opinions and legal conclusions contained in Paragraph 5 of Plaintiffs' Prayer.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

As a separate and independent affirmative defense, Defendant alleges that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

**(Causation)**

As a separate and independent affirmative defense, Defendant alleges that, to the extent Plaintiffs have suffered the damages alleged in the Complaint, such damages were not caused by Defendant, but by the acts or omissions of Plaintiffs or others.

## THIRD AFFIRMATIVE DEFENSE

### (Privilege)

As a separate and independent affirmative defense, Defendant alleges that the actions alleged in the Complaint were at all times reasonable, privileged and justified.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches/Waiver/Estoppel/Unclean Hands)

As a separate and independent affirmative defense, Defendant alleges that Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, estoppel and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and independent affirmative defense, Defendant alleges that to the extent that Plaintiffs' claims are based on conduct occurring outside the applicable period of limitation, those claims are barred by the applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and independent affirmative defense, Defendant alleges that to the extent that Plaintiffs have failed to satisfy statutory prerequisites to suit or failed to exhaust administrative remedies, those causes of action are barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

As a separate and independent affirmative defense, Defendant alleges that Plaintiffs' causes of action are barred in their entirety to the extent that Plaintiffs consented to the actions of the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate and independent affirmative defense, Defendant is informed and believes, and on that ground alleges, that Plaintiff and/or Plaintiffs have had and continue to have the ability and opportunity to mitigate the damages alleged in the Complaint and have failed to act

1  reasonably to mitigate such damages.

## NINTH AFFIRMATIVE DEFENSE

### (Off-Set of Any Overpayment)

As a separate and independent affirmative defense, Defendant alleges that Plaintiffs' causes of action are barred in their entirety or to the extent of any overpayment.

## TENTH AFFIRMATIVE DEFENSE

### (Contract Defenses)

As a separate and independent affirmative defense, Plaintiffs' contract based causes of action and/or relief sought are barred due to frustration of purpose, mistake, changed circumstances, impracticability, justification, lack of consent, lack of causation, because Plaintiff and/or Plaintiffs committed a prior breach thereof, excusing any duty of further performance by Defendant and/or Plaintiff and or Plaintiffs failed to fulfill conditions precedent to the enforcement of any said contract.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Vague and Ambiguous Terms)

As a separate and independent affirmative defense, Defendant alleges that Plaintiffs' contractual causes of action are barred on the ground that the alleged contracts between Plaintiff and/or Plaintiffs and Defendant are vague and uncertain and therefore unenforceable.

## TWELFTH AFFIRMATIVE DEFENSE

### (ERISA Bar)

As a separate and independent affirmative defense, Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, are barred by reason of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant expressly reserves its right to amend this answer and to assert additional affirmative defenses, and to supplement, alter or change this answer and affirmative defenses upon revelation of more definitive facts by Plaintiffs and upon Defendant's undertaking of

discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant SSA Terminals, Inc. prays that judgment be entered in favor of Defendant and against Plaintiffs, that Plaintiffs take nothing by way of the Complaint and that Defendant be awarded its costs and, if appropriate, attorneys' fees, and whatever other remedies the Court finds reasonable. Named Defendant SSA Terminals, Inc. requests immediate dismissal of the claims against it as they are without proper factual or legal basis.

**LOCAL RULE 3-16 DISCLOSURE**

Pursuant to Civil L.R. 3-16, the undersigned certifies that Defendant SSA Terminals, Inc. is a subsidiary of Carrix, Inc., a privately held marine and rail terminal operator, headquartered in Seattle, Washington.

DATED: September 24, 2007          FISHER & PHILLIPS LLP

                                   */s/ John D. McLachlan*
                                   By: John D. McLachlan
                                   Attorneys for Defendant
                                   SSA Terminals, Inc.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP. My business address is One Embarcadero Center, Suite 2340, San Francisco, CA 94111-3712.

On this date, I served the foregoing ANSWER TO COMPLAINT on the following parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael J. Carroll | Plaintiffs' Attorney |
| Erskine & Tulley | |
| 220 Montgomery Street #303 | |
| San Francisco, CA 94104 | |
| Telephone: (415) 392-5431 | |
| Facsimile: (415) 392-1978 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 24, 2007, at San Francisco, California.

Judy Keenan

CERTIFICATE OF SERVICE
SanFrancisco 102539.1